**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NOKIA OF AMERICA CORPORATION**,<br><br>Plaintiff,<br><br>v.<br><br>**VOXLINE LLC**,<br><br>Defendant. | **[PROPOSED] ORDER GRANTING PLAINTIFF NOKIA'S MOTION FOR PRELIMINARY INJUNCTION** |

This matter appears before the Court on Plaintiff Nokia of America Corporation ("Nokia")'s Motion for Preliminary Injunction after notice to Defendant VoxLine, LLC ("VoxLine"). Having considered Nokia's complaint, motion, and relevant attachments, the Court hereby **GRANTS** Nokia's Motion for Preliminary Injunction for the following reasons.

*First*, Nokia has shown a likelihood of success on the merits of its declaratory judgment action seeking a declaration that VoxLine has no legal right to continue its possession of Nokia Equipment (as defined in the Frame Agreement and Nokia's papers) under the plain and unambiguous terms of the parties Agreement. *See* Frame Agreement § 17 *et seq*.; *Pro. Fighters League, LLC v. Takeover Indus., Inc*., 770 F. Supp. 3d 718, 723 (S.D.N.Y. 2025) ("[W]ords and phrases in a contract should be given their plain meaning," "the contract should be construed so as to give full meaning and effect to all of its provisions," and "[t]he contract should be read as a whole, with every part interpreted with reference to the whole" (citations omitted)).

*Second*, Nokia has carried its burden through its complaint, motion, and attached exhibits that it will suffer immediate and irreparable injury if the relief requested is not granted. The Nokia

Equipment that VoxLine is withholding is custom-made equipment that cannot be readily procured in the marketplace. *See* Ex. A, Troy Declaration, ¶¶ 5-6, 14. The Nokia Equipment is also customized to each individual T-Mobile Tower, and thus cannot be used on other projects. Troy Decl. ¶ 4. Moreover, without immediate injunctive relief, Nokia will not be able to timely complete work on the T-Mobile Towers as the Nokia Equipment is uniquely manufactured for each T-Mobile Tower, not readily available on the marketplace, and takes multiple months to be available once ordered. Troy Decl. ¶¶ 4-6, 12, 14. If Nokia is not able to timely meet its obligations to T-Mobile, the T-Mobile Towers it is constructing will not be operable. Troy Decl. ¶¶ 14-16.; *Green Stripe, Inc. v. Berny's Internacionale, S.A. de C.V.*, 159 F. Supp. 2d 51, 57 (E.D. Pa. 2001) (finding irreparable harm based on threats to a "unique" product that had no "substitute on the market"); *Pennsylvania v. Ctr. Lane Partners, LLC*, 2024 U.S. Dist. LEXIS 204338, at *2 (W.D. Pa. Oct. 31, 2024) (finding irreparable harm and enjoining behavior that "dismantle[s] and remove[s]" "specialized equipment" with the effect of "causing interruptions in operations and output"); *cf. also Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 256 (3d Cir. 2011) (approving that there could be irreparable injury "where interference with property rights caused loss of unique opportunities" (citing *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009))).

*Third*, the balance of the equities in this matter favor entry of a preliminary injunction because Nokia's harm (coupled with that of third-party T-Mobile) outweighs VoxLine's harm. The Nokia Equipment is of no value to VoxLine except for holding the Nokia Equipment hostage to coerce additional payments from Nokia. Troy Decl. ¶ 13. VoxLine suffers no recognizable harm by being inhibited from imposing what is essentially a mechanic's lien in contravention of the Frame Agreement, § 28.1 and invoking improper self-help remedies.

**Fourth**, as opposed to VoxLine's position, which only serves one interest (VoxLine's), a preliminary injunction serves the public interest here. "[T]he best interest of the public [is] that the property be returned to its rightful owner." *W.S. Int'l, LLC v. M. Simon Zook Co*., 2011 U.S. Dist. LEXIS 51545, at *17 (E.D. Pa. May 12, 2011). A party is not "entitled to take whatever self-help remedies it desires" when dissatisfied with an agreement and "the public interest is served by disallowing" such behavior. *Int'l Bhd. of Boilermakers v. Szoke*, 1987 U.S. Dist. LEXIS 14208, at *20 (E.D. Pa. May 29, 1987). Returning the property to its rightful owner and to the only party with any interest in its utility serves the public policy of efficient use of property. *Leonard v. Hotel Majestic Co*., 40 N.Y.S. 1044, 1045 (Sup. Ct. 1896) ("The interests of public policy require the free and untrammeled use of property for its reasonable incidental purposes.").

Accordingly, the Court **ORDERS** any and all Nokia Equipment held by VoxLine be returned to Nokia with all expediency, but ***no later than 3-days*** from the date of this Order. The return of Nokia Equipment shall include, but not be limited to, the list of Nokia Equipment contacted in Exhibits 3-5 of Paul Troy's Declaration in support of the Motion for Preliminary Injunction. The Court reserves the right to order additional relief as would be just and equitable as to this matter.

Date: August _____, 2025.

_____
Honorable U.S. District Judge
Eastern District of Pennsylvania